| DISTRICT COURT, COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED<br>February 2, 2026 12:12 PM<br>FILING ID: C60F11C3FAE79<br>CASE NUMBER: 2026CV30384 |
|---|---|
| **Plaintiff(s): KAYLA AGUILLARD**<br><br>v.<br><br>**Defendant(s): TARGET CORPORATION** | σCOURT USE ONLYσ<br><br>Case Number: |
| *Attorneys for Plaintiff*<br><br>**FLESCH LAW**<br>Kevin Flesch, #27278<br>333 W. Hampden Avenue, Suite 710<br>Englewood, CO 80110-2335<br>Phone: (303) 806-8886<br>Fax: (303) 806-8882<br>Email: kevinflesch@fleschlawfirm.com | Division: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW the Plaintiff, Kayla Aguillard (hereafter "Plaintiff") by and through undersigned counsel, Kevin Flesch of Flesch Law, for her complaint against Target Corporation (hereafter "Defendant"), and in support states as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action for damages pursuant to the Colorado Premises Liability Act and the Defendant's negligent conduct.

## JURISDICTION AND VENUE

2.    Plaintiff hereby incorporates by reference all allegations contained in paragraph 1 above as though fully set forth herein.

3.    At all times, relevant hereto, Plaintiff was and is a resident of Colorado.

4.    Upon information and belief, the Target Corporation ("Target") is a Minnesota corporation principally located at 1000 Nicollet Mall,

1

**EXHIBIT 1**

Minneapolis, MN 55403 and conducting business and retail stores in Colorado. Service can be had on the Defendant at 7700 E Arapahoe Rd, Ste 220, Centennial, CO 80112.

5. This court has jurisdiction over this action as pursuant to C.R.S. § 13-1-124.

6. This venue is proper under C.R.C.P. 98(c) because the location of the incident and premises involved were in Denver County, Colorado.

## GENERAL ALLEGATIONS

7. Plaintiff hereby incorporates by reference all allegations contained in paragraph 1-6 above as though fully set forth herein.

8. On July 11, 2024, at approximately 2:30 p.m., Ms. Aguillard and her fiancé, Dominique Woodard entered the Target located at 7777 E. Hampden Ave., Denver, CO 80231 to purchase some items as a Shopper for her job at Shipt.

9. After Ms. Aguillard purchased items, she and Mr. Woodard began to walk and push a shopping cart towards the front of Target to purchase the items in the shopping cart.

10. However, as Ms. Aguillard began to walk in the middle aisle next to the produce section, she slipped on a clear plastic and white small sign, that stated, "4.99" in black letters, that was on the cement floor.

11. Ms. Aguillard was still holding onto the shopping cart but sustained serious injuries from slipping on the sign.

12. Ms. Aguillard's fiancé, Dominque Woodard was with Ms. Aguillard and witnessed the said incident.

13. Once Ms. Aguillard was able to gain her composure, she then proceeded to the front of the store and requested to speak to a manager to notify them of the incident that had just occurred.

14. At the time of the incident, the Defendant did not maintain their isles or walking areas at the store.

15. The Defendant did not ensure the isles were free from debris, signs, or other debris which could pose a tripping hazard.

2

**EXHIBIT 1**

16.    The sign on the floor was a dangerous hazard on the property for patrons.

17.    The plaintiff's injuries were the direct and proximate result of the negligence and carelessness of the Defendant and/or their agents/employees.

18.    At all times relevant to Plaintiff's claim, Defendant was in possession of the property, was legally responsible for the activities conducted or circumstances existing on said property and was therefore a "landowner" as defined in C.R.S. § 13-21-115(1).

19.    The plaintiff was an "invitee" while at the property.

20.    The plaintiff has incurred substantial medical costs for treatment due to the incident. The Plaintiff continues to suffer serious and ongoing pain from the incident.

21.    The plaintiff anticipates needing additional medical care in the future resulting from the fall.

### FIRST CLAIM FOR RELIEF
**(Negligence Pursuant to Premises Liability)**

22.    The plaintiff incorporates herein all allegations contained in paragraphs 1-21 by reference.

23.    The defendant, as the landowner or maintainer of the property, was legally responsible for the activities conducted or circumstances existing on the Target property.

24.    The defendant had a legal duty to the Plaintiff to be aware of the conditions and circumstances that existed on the property and to ensure that the property was safe for patrons at the store.

25.    The defendant acted carelessly and negligently by not maintaining and managing the property.

26.    The Defendant did not ensure the isles were free from debris, signs, or other debris which posed a tripping hazard.

3

**EXHIBIT 1**

27.    The sign on the floor was a dangerous hazard on the property for patrons.

28.    The location of the incident was in a high foot traffic area, which heightened the need for regular maintenance and safety concerns.

29.    The condition of the flooring was unreasonably dangerous for the patrons using it.

30.    The defendant failed to use reasonable care to protect against the dangerous condition on the property.

31.    The defendant's negligence was the direct and proximate cause of Plaintiff's injuries.

32.    Plaintiff has sustained continuing physical and emotional injuries and substantial medical costs related to her injuries.  These damages are the sole result of the Defendant's actions or inaction.

33.    As a direct and proximate result of the negligent and tortuous conduct of the Defendant, Plaintiff suffered injuries and damages, from the accident, as follows:

   a.  Cost for medical treatment, past and future.

   b.  Mental anguish and duress during and after the accident.

   c.  Physical pain and suffering during and after the accident.

   d.  Loss of enjoyment of life.

   e.  Attorney fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays the Court as follows:

   A.  That this Court enter a judgment against the Defendant concerning all claims for relief contained herein, and for the Plaintiff in an amount to be determined at trial.

   B.  Damages caused by the accident include, but are not limited to, past and future medical costs for treatment, mental anguish and duress

4

**EXHIBIT 1**

during and after the accident, physical pain and suffering during and after the accident, and loss of enjoyment of life.

C. That Plaintiff be awarded costs, expert witness fees, reasonable attorney fees, pre- and post-judgment interest, and other appropriate and necessary costs of maintaining this action.

D. Any further relief as this Court deems just and proper.

### PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) ON ALL ISSUES RAISED IN THE PLEADINGS

Respectfully submitted this 2nd day of February 2026.

**FLESCH LAW**

*This document was e-filed pursuant to C.R.C.P. 121. A duly executed original of this document is on file at Flesch Law and is available upon request.*

*/s/ Kevin C. Flesch*

_____

Kevin Flesch, #27278
Attorney for Plaintiff

Plaintiff's Address:

4640 E. Asbury Circle
Denver, CO 80222

5

**EXHIBIT 1**